UNVERZAGT *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 20,376. Motion to dismiss denied June 1, 1965.
Opinion filed November 24, 1965.]

*Edward J. Fillenwarth* and *Edward J. Fillenwarth, Jr.,* of Indianapolis, for appellant.

*Leland B. Cross, Jr., William R. Riggs, George P. Ryan,* and *Ice, Miller, Donadio & Ryan,* of counsel, of Indianapolis,

for appellee, Radio Corporation of America, Victor Division. *Keith Campbell*, Deputy Attorney General, for appellee, Review Board.

BIERLY, C. J.—Appellee, Radio Corporation of America, Victor Division, by counsel, on June 21, 1965 filed a verified motion to dismiss the above appeal or in the alternative that the decision of the Review Board be affirmed. Appellant filed objections to said motion to dismiss.

Point 4 of said motion to dismiss is in the following words and figures, to-wit:

"4. That the purported transcript was not properly certified by the Chairman of the Review Board in accordance with the requirements of Section 1812 of the Indiana Employment Security Act, *Burns Ann. Stat.* Section 52-1542-k (1964 Replacement), in that Douglas J. Morris was not the Chairman of the Review Board at the time that he signed the Certificate and that by virtue thereof there is nothing before this Court upon which to act."

The Acts of the General Assembly of 1947, Ch. 8, § 1902, at page 673, being § 52-1543a of Burns' Indiana Statutes, 1964 Replacement, reads, in part, as follows:

"The Indiana employment security board shall consist of five [5] members, who shall be appointed by the governor, as hereinafter provided. Two [2] members of the Indiana employment security board shall be appointed as representatives of labor and its interests; one [1] member shall be appointed as a representative of the state and its interest and of the public at large; one [1] member shall be appointed as a representative of the large employers of the state; and one [1] member shall be appointed as a representative of the independent merchants and small employers of the state. All appointments shall be made for terms of four [4] years. All appointments to full terms or to fill vacancies shall be made so that all terms shall end on March 31."

We likewise note that the first sentence of the second paragraph of the above cited § 1902 of said Act reads as follows, to-wit:

"Every member so appointed shall serve until his successor shall have been appointed and qualified."

Enrolled House Act No. 1013, approved March 9, 1965, and designated as Chapter 190 of the Acts of the General Assembly of 1965, reads, in part, as follows:

"SEC. 12. Acts 1947, c. 208, s. 1805, is amended to read as follows: Sec. 1805. The governor shall appoint a Review Board composed of three members who shall serve full-time, not more than two of whom shall be members of the same political party, with salaries to be fixed by the governor, which Board shall consist of the chairman and the two members who shall serve for three (3) years, two (2) years, and one (1) year, respectively, with all subsequent appointments to full terms or to fill vacancies to be made for three (3) years. . . ."

Said Chapter 190 of the Acts of the General Assembly of 1965, contained an emergency clause, the effective date of which was given as of April 1, 1965.

The governor appointed three members of the Review Board on April 21, 1965, to be effective as of July 1, 1965.

In light of the above statement as set forth in Burns' § 52-1543a, as heretofore referred to, that a member of the Indiana Employment Security Board shall hold office until his successor has been appointed and qualified, we are of the opinion that said Chairman of the Review Board, Douglas J. Morris, was the duly appointed, qualified and acting Chairman of said Board on the 5th day of April, 1965, which is the date that he signed the certificate in the transcript submitted in this appeal.

Enrolled House Act No. 1013, designated as Chapter 190 of the Acts of the General Assembly of 1965, amended, in part, the Acts of the General Assembly of 1947, Chapter 8, designated § 52-1543a, Burns' 1964 Replacement, as to the composition of the Review Board.

Hence, this court is of the opinion that appellees' motion to dismiss the appeal should be denied.

Motion to dismiss appeal denied.

OPINION ON THE MERITS

MOTE, J.—This is an appeal by claimant-appellant, Jule A. Unverzagt, a former employee of Radio Corporation of America, Victor Division, appellee, from a decision of the Review Board of the Indiana Employment Security Division, appellee, rendered March 15, 1965, in which the Review Board determined that appellant was ineligible for benefits under the Indiana Employment Security Act.

Appellant had been an employee of Radio Corporation of America in Indianapolis for a period exceeding twenty-seven (27) years prior to April 30, 1964. Having attained the age of sixty-five (65) on April 29, 1964, an employer representative informed Unverzagt that he had to retire on April 30, 1964, pursuant to company policy.

On June 3, 1964, appellant filed his claim for benefits with the Indianapolis Office of the Indiana Employment Security Division and subsequently said claim was denied by a Deputy, from which denial appellant appealed to an Appeals Referee. It was, in effect, decided by said Referee that appellant's retirement was voluntary in that his bargaining agent bargained for his retirement upon reaching age sixty-five (65) and said separation from employment at that time had the legal effect that appellant "left work voluntarily without good cause" within the meaning of § 52-1539, Burns' 1964 Replacement. [Acts 1947, ch. 208, § 1501, p. 673; 1957, ch. 261, § 1, p. 615.] Appellant then appealed to the Review Board which, among other things, affirmed the decision of the Referee and held that appellant was ineligible for benefits.

Appellant's assignment of Errors to this Court is as follows:

"1. The decision of the Review Board is contrary to law."

By this assignment of errors appellant presents both the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of fact. (See § 52-1542k, Burns' 1964 Replacement.)

The Review Board in its "FINDINGS AND CONCLUSIONS" found that Unverzagt was retired pursuant to a retirement plan which was the object of negotiation between the International Brotherhood of Electrical Workers, AFL-CIO, and Indianapolis Local 1048 (the exclusive collective bargaining representatives for all employees not categorically excepted) and the corporations, as follows:

"4) Claimant was so retired pursuant to the RCA Retirement Plan, effective December 1, 1964, as amended January 1, 1962, that was the subject of negotiation and special supplementary agreement between the Union and the Corporation, a copy of which said special agreement however is not on exhibit herein."

The findings and conclusions also state that:

"11) The Review Board hereby finds that the claimant herein retired on April 30, 1964 pursuant to the Retirement Plan that was the subject of negotiation and agreement between the National and Local organizations of IBEW and the Corporation, thus to bring his claim within rule of *Ball Brothers* v. *Review Board* (1963), 189 N. E. (2d) 429, 1 Ind. Dec. 260.

"12). The Review Board hereby finds it as the ultimate fact herein, that the claimant voluntarily left his work without good cause on April 30, 1964."

The appellant argues basically on the following premises:

1. Appellant contends that said Retirement Plan was not the result of a collective bargaining agreement negotiated between said union and corporation, and thus the Review Board erred in deciding this case on the basis of *Ball Brothers, supra,* and;

2. Appellant submits that if this Court should find said Retirement Plan to be the result of collective bargaining,

then the decision in *Ball Brothers, supra,* should be reversed."

Although this Court has strong reservations as to the finding of the Review Board that this claimant was retired pursuant to a retirement plan that was the subject of negotiation and agreement between the National and Local organizations of I.B.E.W. and said Corporation, we do not deem it necessary to discuss this point in view of a recent decision of this Court which readily demonstrates the requirement for reversal in this appeal.

It was held by this Court in the *Ball Brothers* v. *Review Board* case, *supra,* that a claimant who was required to retire by the terms of a collective bargaining agreement is not eligible for unemployment compensation because he has in effect agreed to leave work "voluntarily without good cause" within the meaning of Section 52-1539, *supra.*

The issue before this Court, succinctly stated, is as follows: Did the claimant-appellant voluntarily quit work without good cause solely because he was retired pursuant to the retirement plan provisions of a collective bargaining agreement between the employer and his union?

This is the same issue which was recently before this Court in *Jenkins* v. *Review Board of the Ind. Emp. Sec. Div.* (1965), 138 Ind. App. 12, 211 N. E. 2d 42, 6 Ind. Dec. 637, and this Court stated the following:

"Consideration of the questions presented by this appeal necessarily requires re-examination of the case of *Ball Brothers, supra,* for four (4) basic reasons: (1) The Review Board relied strictly upon the *Ball Brothers* case; (2) that *Ball Brothers* case, and the Board's reliance upon it became the basis upon which the Board found that the claimant *voluntarily quit work without good cause;* (3) the claimant's contention that the decision in *Ball Brothers* and the Board's findings and conclusions constitute unlawful discrimination between union and non-union retirees; and (4) that *Ball Brothers* and the Board's findings and

conclusions here contravene express provisions of the Indiana Employment Security Act."

As the Review Board in this case also relied strictly upon the *Ball Brothers* decision and the factual situation, except for parties, is basically the same, we could do no more than to reiterate the discussion and analysis of the *Ball Brothers* case, *supra,* as set forth in the *Jenkins* case, *supra.*

It was concluded by this Court in the *Jenkins* case, *supra,* as follows:

". . . we now hold that the claimant having been *forced to retire* by reason of a collective bargaining agreement is not, therefore, as a matter of law, *voluntarily unemployed without cause.* To hold to the contrary is to perpetuate a legal fiction."

On the ruling precedent of the *Jenkins* case, *supra,* it is the opinion of this Court that the decision and order of the Review Board in this appeal be reversed.

Smith, P. J., Hunter and Bierly, JJ., concur.

NOTE.—Motion to dismiss denied in 208 N. E. 2d 488. Opinion reported in 211 N. E. 2d 631.